```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

ROBERT JONES; REGINALD WASHINGTON; and
those similarly situated,

                Plaintiffs,
                                              MEMORANDUM AND ORDER
                                              15-CV-4753 (KAM) (LB)

                -against-

BILL DeBLASIO, "Mayor" County Executive,
City of New York, Municipal Corporation;
JASON TURNER, Commissioner for the City
of New York, Human Resources Administration
"HRA"; JO-ANN B. BARHART, Commissioner
for the City of New York, Social Security
Income Administration "SSI"; ALPHONSO
JACKSON, Secretary of Housing and Urban
Development "HUD"; VICKI BREEN, Commissioner
of Housing Preservation and Development
"HDP"; GARY D. RODNEY, President Housing
Development Co. "HDC"; MARITZA SILVA FARRELL,
AFFORDABLE RENT CO.; JOHN/JANE DOE,
Commissioner City of New York, Department
of Social Services "DSS"; RICK DAVIS,
Rockaway House LLC; and ANTHORNEY DOE,
Rockaway House LLC,

                Defendants.
----------------------------------------x
```
**MATSUMOTO, United States District Judge**:

Robert Jones ("Jones"), and Reginald Washington ("Washington")[1] bring this *pro se* action as a purported "class action," pursuant to a multitude of statutes. For the reasons discussed below, the complaint is dismissed and plaintiffs are

---

[1] Reginald Washington is currently incarcerated at the Otis Bantum Correctional Center.

granted thirty (30) days from the entry of this Order to file a third amended complaint as set forth below.

**Background**

**A. Procedural History**

Plaintiff Jones commenced this action in the Southern District of New York on August 7, 2015. (ECF No. 1, Complaint.) The matter was transferred to the Eastern District of New York on August 11, 2015. (ECF No. 2, Transfer Order.) Jones filed an Amended Complaint on March 4, 2016, in which Reginald Washington was added as a plaintiff and Rockaway House LLC, Three-Quarter House was removed as a defendant. (ECF No. 9, Amended Complaint.) Because Washington had failed to sign the Amended Complaint filed on March 4, 2016, plaintiffs refiled the Amended Complaint on March 30, 2016 with the necessary signatures. The court granted Jones's motion to proceed *in forma pauperis* on March 21, 2016, and Washington's motion to proceed *in forma pauperis* on March 31, 2016.

**B. Factual Background**

On January 15, 2015, plaintiff Jones was paroled from state custody and obtained housing in Brooklyn, New York at the Rockaway House LLC, which manages residences known as three-quarter houses. (ECF No. 12, Am. Compl. ¶ 15.) The temporary shelter was located at 367 Howard Ave., Brooklyn, N.Y. 11233. (*Id.* ¶ 16.) On January 17, 2015, Jones sought "more suitable"

2

housing with Rockaway House LLC, at 949 Hendrix Street, Brooklyn, N.Y., 11207. Jones was required to participate in a daily outpatient substance abuse and mental health treatment program. (*Id.* ¶¶ 22-23.) During his time at Rockaway House LLC, he suffered injuries on his hands, feet, neck, back, and face due to continued exposure to bed bugs, toxic black mold, sewage flooding in the basement, and exposed high-voltage electrical wires. (*Id.* ¶¶ 44-45.) The Human Resources Administration Department of Social Services paid for his housing. (*Id.* ¶ 30.)

On March 12, 2015, Jones was arrested by the New York Police Department for an alleged burglary. (*Id.* ¶¶ 31-34.) Because Jones was unable to post bail while in custody, he was evicted from Rockaway House on May 21, 2015, for failure to pay rent and attend his abuse treatment session. (*Id.* ¶¶ 35-36.) During his eviction, he lost an Apple laptop computer, a shearling jacket, three cell phones, a JVC camcorder, a Nikon camera, other clothing, boots, shirts, pants, and legal papers because they were not stored properly when he was evicted. (*Id.* ¶ 39.)

Jones and Washington also allege that they were denied the ability to lease low income public access housing that they were entitled to, because of discrimination based on their race, color, and economic status. (*Id.* ¶¶ 49-52.) Plaintiffs assert

that Bill DeBlasio, Jason Turner, Jo-Ann B. Barhart, Alphonso Jackson, Vicki Been, the John Doe Commissioner of the Department of Social Services, Maritza Silva Farrell, Gary Rodney, Rick Davis and Anthorney Doe refused to provide housing to plaintiffs on the grounds of their race. (*Id.* ¶¶ 6-9, 116-173.) Plaintiffs assert that defendants acquiesced in a policy and custom of refusing to lease properties to individuals based on their race and color. *Id.*

Jones also separately alleges a § 1983 claim against Rick Davis and Anthorney Doe based on the conditions of, and his eviction from, Rockaway House LLC. Additionally, Jones asserts violations of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, Homeless Assistance Act of 1987, 42 U.S.C. §§ 11301, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 701. He also alleges state law claims, including wrongful eviction. Plaintiffs seeks punitive and compensatory damages, and immediate housing.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall *sua sponte* dismiss an *in forma pauperis* action at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

4

defendant who is immune from such relief." Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be grated." 28 U.S.C. § 1915A.

In reviewing the complaint, the court must construe the pleadings of *pro se* plaintiffs liberally. *See Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 191 (2d Cir. 2008). The court is particularly mindful of this when the pleadings allege civil rights violations. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). *Pro se* complainants "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). However, *pro se* plaintiffs must still allege sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

## Discussion

### A. Civil Rights Claims

Plaintiffs allege claims pursuant to 42 U.S.C. § 1983 for the violation of their Fourteenth Amendment Due Process rights because they were refused housing on the basis of their race. (ECF No. 12, Am. Compl. ¶¶ 118, 148, 159.) They allege that defendants acquiesced in a policy and custom of refusing to lease properties to individuals based on their race and color. (*Id.* ¶¶ 159-164.) Additionally, Jones brings a § 1983 claim against Rick Davis and Anthorney Doe based on the conditions of, and his eviction from, the Rockaway House LLC. (*Id.* at ¶¶ 91-115, 173(a)-(d).)

Plaintiffs' § 1983 claims against defendants must be dismissed, because plaintiffs do not allege any defendant's direct or personal involvement in the conduct which may have caused the constitutional deprivation. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)); *Leibovitz v. City of N.Y.*, No. 15-cv-1722, 2015 WL 3971528, at *4 (E.D.N.Y. June 30, 2015) (dismissing § 1983

claims because plaintiff did not allege personal involvement by defendants); *Holmes v. Kelly*, No. 13-cv-3122, 2014 WL 3725844, at *2 (E.D.N.Y. July 25, 2014). Plaintiffs do not "allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

Plaintiffs' claims fail for the additional reason that liability cannot be imposed on the defendants solely because of their positions as supervisors, as there is no *respondeat superior* or vicarious liability under § 1983. *See, e.g., Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Because § 1983 claims depend on a showing of personal responsibility, plaintiffs' claims against defendants cannot rest on a theory of *respondeat superior*. *Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003); *see also King v. Warden*, No. 13-cv-5307, 2013 WL 5652756, at *2 (E.D.N.Y. Oct. 11, 2013); *Papadopoulos v. Amaker*, No. 12-cv-3608, 2013 WL 3226757, at *3 (E.D.N.Y. June 25, 2013). Here, the complaint does not suggest that any defendant had direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights. Accordingly,

7

plaintiffs' § 1983 claim against defendants based on an alleged refusal to lease or provide housing must be dismissed.

Jones's § 1983 claim against Rick Davis and Anthorney Doe also fails because he does not allege that they are state actors. To state a § 1983 claim, a plaintiff must, in addition to the requirements noted above, allege that the conduct challenged was "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Private actors may be considered to act under the color of state law for the purposes of § 1983 if the private actor was a "willful participant in joint activity with the State or its agents." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). Because plaintiff has not alleged that Rick Davis and Anthorney Doe are state actors, and because he has not alleged facts suggesting that they were "willful participants in a joint activity with the State," his § 1983 claim against them must be dismissed. *See McMillian v. North Core Studios*, No. 16-cv-5002, 2017 WL 473844, at *3 (E.D.N.Y. Feb. 1, 2017) (dismissing case where plaintiff did not allege that his building managers were state actors subject to suit under § 1983).

**B. State Law Claims**

To the extent plaintiff Jones seeks to bring claims under New York State or New York City landlord-tenant or real property law related to his alleged wrongful eviction and exposure to unsafe housing conditions, the court lacks jurisdiction, as "[i]t is well-settled that 'federal courts do not have subject matter jurisdiction over state eviction actions or other landlord-tenant matters.'" *Haynie v. N.Y.C. Hous. Auth.*, No. 14-cv-5633, 2015 WL 502229, at *2 (E.D.N.Y. Feb. 5, 2015) (quoting *Oliver v. N.Y.C. Hous. Auth.*, No. 10-cv-3204, 2011 WL 839110, at *3 (E.D.N.Y. Mar. 2, 2011)); *see also McMillan v. Dep't of Bldgs.*, No. 12-CV-318, 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012) (federal court lacks jurisdiction over eviction claims); *Southerland v. N.Y.C. Hous. Auth.*, No. 10-cv-5243, 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (plaintiff cannot "repackage his landlord-tenant claims as § 1983 claims in order to confer federal question jurisdiction"); *Galland v. Margules*, No. 05-cv-5639, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) (federal courts do not "have federal question subject matter jurisdiction over plaintiff's housing law claims, even when such claims are dressed in the garb of constitutional claims"). Accordingly, Jones's state law eviction and landlord-tenant claims are dismissed without prejudice to bring them in state court.

**C. Jones's Remaining Claims**

Jones's remaining claims asserting violations of the Fair Housing Act, Homeless Assistance Act of 1987, the Americans with Disabilities Act, and the Rehabilitation Act must also be dismissed because they fail to comply with Federal Rule of Civil Procedure 8. Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and citation omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal quotations, alterations, and citations omitted).

Here, the remaining allegations fail to conform with the pleading requirements of Rule 8. Jones asserts violations

of various federal statutes. However, Jones fails to identify any specific prohibited act taken by any specific defendant. Because no defendant is identified as having committing harm with respect to any of the remaining claims, it is not possible to ascertain how the Fair Housing Act, Homeless Assistance Act of 1987, Americans with Disabilities Act, or Rehabilitation Act were violated. *See McCray v. Nassau Cty. Med. Staff*, No. 09-cv-4150, 2009 WL 5218600, at *2 (E.D.N.Y. Dec. 28, 2009) (dismissing complaint for failure to comply with Rule 8 because "[d]efendants cannot be expected to parse plaintiff's complaint into comprehensible legal claims, or even understand factually the nature of plaintiff's allegations"); *Clifton v. Hra N.Y.C. Govt*, No. 16-cv-1753, 2016 WL 4203486, at *2 (E.D.N.Y. Aug. 9, 2016) (dismissing for failure to allege any "substantial factual allegations" that would "allow each defendant to have a fair understanding of what [plaintiff] is complaining about"); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (a court may dismiss a complaint that is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"). Therefore, Jones's remaining claims are dismissed for failure to comply with Rule 8.

**CONCLUSION**

The complaint is dismissed and plaintiffs are granted thirty (30) days from the entry of this order to file a third amended complaint. *Cruz v. Gomez*, 202 F.3d 593, 598 (2d Cir. 2000).

Plaintiffs are directed that the third amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, in that it must clearly state the grounds for relief, include legible factual allegations that are personal to plaintiffs and describe the bases for their claims. Plaintiffs must identify specific defendants and the particular acts that caused or led to the harm. Plaintiffs must also identify each individual defendant in both the caption and the body of the amended complaint, and name as proper defendants those individuals who have some personal involvement in the actions they allege in the second amended complaint.

Plaintiffs are advised that their third amended complaint does not simply add to their second amended complaint or original complaint. Once the third amended complaint is filed, it completely replaces the prior one. Therefore, plaintiffs must include in the third amended complaint all the necessary information that was contained in their earlier complaints. The third amended complaint must be captioned as a

"Third Amended Complaint" and bear the same docket number as this order.

No summonses shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiffs fail to comply with this order within the time allowed, judgment shall enter. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to serve each plaintiff with a copy of this Memorandum and Order at his last known address, as stated on the docket, and note service on the docket.

**SO ORDERED.**

_____/s/_____
Dated: Brooklyn, New York KIYO A. MATSUMOTO
April 11, 2017 United States District Judge